IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joshua Jeter, | ) | Case No. 2:22-cv-01651-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Lt. Miguel Cleveland, Ofc. Prevost, | ) | |
| Lt. Delk, Ofc. Ramp, Sgt. Christopher | ) | |
| Timmons, Lieutenant Philip Douglas, | ) | |
| Major Gregg, Lt. Jorge Romero, | ) | |
| Warden Stephan, Associate Warden | ) | |
| Devine Carter, Associate Warden | ) | |
| Frederick, Associate Warden Peeples, | ) | |
| Deputy Warden Tamara Collins, Lt. | ) | |
| Tiarra Thomas, Brittany Cunningham, | ) | |
| Counsel Substitute R. Rice, Captain | ) | |
| Floravia Jones, Lt. Randy Ward, Mental | ) | |
| Health Nurse Thurnese Williams, | ) | |
| Nurse Christina Hendrickson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' motion for summary judgment and Plaintiff's motions to compel, to correct, and to supplement. [Docs. 55; 126; 128; 130.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On November 21, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' summary judgment motion in part and deny it in part. [Doc. 90.] Defendants and Plaintiff filed

objections to the Report. [Docs. 99; 100.] The Magistrate Judge subsequently filed an addendum to the Report (the "Addendum"). [Doc. 122.] On September 4, 2024, Defendants filed objections to the Addendum.[1] [Doc. 125.] On September 23, 2024; January 17, 2025; and February 20, 2025, Plaintiff filed motions to compel, to correct, and to supplement. [Docs. 126; 128; 130.] Defendants filed responses opposing each motion. [Docs. 127; 129; 131.] All motions are ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation

---

[1] Defendants' objections to the Addendum in Docket Entry Number 125 address the Addendum and also repeat their earlier objections to the Report. [Docs. 99; 125.] Accordingly, the Court discusses only Docket Entry Number 125 and does not specifically address Docket Entry Number 99.

2

on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## BACKGROUND

In this action, Plaintiff, a state prisoner appearing pro se, alleges that he was assaulted by correctional officers at Broad River Correctional Institution ("BRCI") on several occasions and that he was retaliated for filing a complaint under the Prison Rape Elimination Act ("PREA") and for other grievances. [Doc. 29.] The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court incorporates by reference the Background section from the Report.

**The Report and Addendum**

The Report recommends that Defendants' summary judgment motion be granted in part and denied in part. [Doc. 90 at 62.] Specifically, it concludes that Defendants are not entitled to summary judgment based on a failure by Plaintiff to exhaust administrative remedies. [*Id.*] It also recommends that the motion be denied as to Plaintiff's § 1983

3

claims against Ofc. Prevost for excessive force and Fourth Amendment violations specific to the incident underlying his PREA claim and an incident on March 3, 2020; against Lt. Miguel Cleveland for bystander liability and Fourth Amendment violations specific to the incident underlying Plaintiff's PREA claim; against Officer Santos for bystander liability and Fourth Amendment violations specific to the incident on March 3, 2020; against Ofc. Ramp and Sgt. Christopher Timmons for excessive force and Fourth Amendment violations specific to an incident on April 6, 2021; against Lieutenant Philip Douglas for bystander liability specific to the April 6, 2021 incident; and against Lt. Delk, Lt. Jorge Romero, and Santos for bystander liability and Fourth Amendment violations specific to the incident underlying Plaintiff's PREA claim.  [*Id.*]  The Report recommends that Defendants' summary judgment motion otherwise be granted.  [*Id.*]  Following Defendants' submission of additional video evidence that they had previously inadvertently omitted, the Magistrate Judge issued the Addendum, which concluded that the additional evidence did not affect the conclusions and recommendations contained in the Report.  [Doc. 122.]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is

"genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an

5

> adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

**Defendants' Objections**

### *Objections on the Basis that Santos is not a Defendant*

Defendants first argue that the Magistrate Judge erred in recommending that summary judgment be denied as to Santos based on the March 3, 2020, incident because Santos is not a party to this action. [Doc. 125 at 2 n. 2, 10.] Defendants are correct that Santos is not a party to this action. Accordingly, the Magistrate Judge erred in recommending that summary judgment be denied as to Santos regarding any claims.[2]

### *Objections Concerning the Existence of Factual Issues*

Defendants next argue that to the extent the Report recommends denying summary judgment as to Plaintiff's § 1983 claims against Ramp and Timmons for excessive force and Fourth Amendment violations specific to the incident on April 6, 2021, and against Douglas for bystander liability regarding the same incident, the Magistrate Judge erred in accepting Plaintiff's sworn allegations as true. [Doc. 125 at 4–9.] Defendants argue that Plaintiff has submitted inconsistent affidavits and that his affidavits blatantly contradict video footage of the incident. [*Id.*] The Court concludes, however, based on the reasoning of the Magistrate Judge [Docs. 90 at 50–52; 122], that genuine

---

[2] Because Santos is not a party, the Court does not discuss any further arguments in reference to him.

6

disputes of material fact exist regarding these claims. Accordingly, Defendants' objection is overruled.[3]

Defendants next argue that the Magistrate Judge erred in recommending that summary judgment be denied on the basis of qualified immunity regarding bystander liability as to Cleveland, Santos, Delk, and Romero on the incident underlying Plaintiff's PREA claim. [Doc. 125 at 9–10.] And Defendants contend that the Magistrate Judge erred in denying summary judgment as to Douglas for bystander liability concerning the April 6, 2021, incident. [*Id.* at 10–11.] In both of these objections, Defendants argue that Plaintiff has not forecasted sufficient evidence to create a genuine dispute of material fact concerning whether Defendants had the requisite state of mind to support a failure-to-protect claim. [*Id.* at 9–11.] These objections are overruled. For the reasons set out in the Report, the Court concludes that there exists a genuine dispute of material fact concerning whether Defendants had the requisite state of mind to be subject to bystander liability. [Doc. 90 at 50–55.]

### *Objections Based on the Failure to Exhaust Administrative Remedies*

Defendants also object to the Magistrate Judge's conclusion that Delk, Romero, and Cleveland are not entitled to summary judgment on the basis of Plaintiff's failure to

---

[3] Defendants also argue that Plaintiff's affidavits are a fraud upon the Court and that his affidavit dated July 5, 2023 was a "sham affidavit," and thus that the Magistrate Judge erred in taking the affidavits as true for purposes of deciding Defendants' entitlement to summary judgment. [Doc. 125 at 6–9.] Defendants specifically maintain that his affidavits dated July 5, 2023, and April 29, 2022, are inconsistent with one another. [*Id.* at 8–9.] Defendants' argument notwithstanding, however, the Court concludes that there is no "bona fide inconsistency" between the two affidavits. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 n.7 (4th Cir. 2001).

7

exhaust his administrative remedies regarding the incident underlying Plaintiff's PREA complaint. [*Id.* at 11–12.]

### The Law Regarding Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A Defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes all steps of a prison's grievance procedure, and that § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *See, e.g.*, *Ayre v. Currie*, No. 05-3410, 2007

WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267, at *4 n.3 (D.S.C. May 15, 2006).

The SCDC Inmate Grievance System is outlined in SCDC Policy GA-01.12 (the "Inmate Grievance System"). [Doc. 55-2.] Subject to certain exceptions, the Inmate Grievance System requires that inmates initially attempt to resolve grievances informally by "submitting a Request to Staff Member Form to the appropriate supervisor/staff within eight (8) working days of the incident." [*Id.* ¶ 13.2 (emphasis omitted).] Informal resolution is not required, however, when "the matter involves allegations of criminal activity." [*Id.*] With respect to criminal activity complaints, the inmate must file Form 10-5 Step 1 within five working days of the alleged incident. [*Id.*] The Inmate Grievance System provides:

> Any grievance which alleges criminal activity will be referred immediately to the Chief/designee, Inmate Grievance Branch. The IGC will note on the grievance tracking CRT screen that the grievance has been forwarded to the Inmate Grievance Branch for possible investigation by the Division of Investigations and the date on which the grievance was forwarded. The Chief/Designee, Inmate Grievance Branch, will consult with the Division of Investigations to determine if a criminal investigation would be appropriate. If deemed appropriate, the grievance will be forwarded to the Division of Investigations, to be handled in accordance with applicable SCDC policies/procedures. The grievance will be held in abeyance until the Division of Investigations completes their review/investigation.

[*Id.* ¶ 15 (emphasis omitted).] In the event of a determination that no criminal investigation is required, the grievance is then processed in accordance with the procedures applicable to non-criminal activity grievances. [*Id.*]

If an inmate files a Step 1 grievance not involving criminal activity, the Warden must respond in writing within 45 days and advise the inmate of his right to appeal to the next level:

9

> The Warden will respond to the grievant in writing (in the space provided on SCDC Form 10-5, Step 1), indicating in detail the rationale for the decision rendered and any recommended remedies. The grievant will also be informed of his/her rights to appeal to the next level. The Warden will respond to the grievant no later than 45 days from the date the grievance was formally entered into the OMS system by the IGC. The response will be served by the IGC to the grievant, within ten (10) calendar days, and the grievant will sign and date the response acknowledging receipt. The IGC will maintain the original grievance for the inmate's grievance file and a copy will be given to the inmate.

[*Id.* ¶ 13.5 (emphasis omitted).]

The inmate may then appeal by filing a Form 10-5(a), Step 2 appeal to the Inmate Grievance Coordinator within five days of receiving the response. [*Id.* ¶ 13.7.] The appeal is referred to the "responsible official," who must make a final decision within 90 days. [*Id.*] The Inmate Grievance System provides,

> As part of the Department's final answer to a grievance, the inmate will be notified that any further appeal must be initiated within 30 days after receipt of the Department's final answer. This appeal must be contained on the South Carolina Administrative Law Court "Notice of Appeal" that will be attached to the Department's final answer and must be sent to the Administrative Law Court. Instructions regarding completion of the form, and information indicating where the form must be sent, will also be provided to the inmate.

[*Id.* ¶ 13.9.]

### Analysis

In their summary judgment motion, the only argument Defendants raised that Plaintiff had not exhausted as to Delk, Romero, and Cleveland was that Plaintiff had not forecasted evidence that he ever filed an appeal from the final agency decision on any of his grievances. [Doc. 55-1 at 9.] The Magistrate Judge rejected that argument, noting that "courts in this district have not required an appeal to the Administrative Law Court to

consider a claim administratively exhausted." [Doc. 90 at 15–16 (citing *Penza v. Patterson*, No. 8:10-cv-2361-JFA-JDA, 2011 WL 5869748, at *6 (D.S.C. Oct. 26, 2011) ("Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC grievance procedure."), *Report and Recommendation adopted by* 2011 WL 5875001 (D.S.C. 2011), and *Moorehead v. Story*, No. 6:16-cv-03403-BHH-KFM, 2016 WL 7157026, at *2 n.2 (D.S.C. Nov. 9, 2016) ("The response to the inmate's Step 2 grievance is generally the final agency decision on the issue for exhaustion purposes, although in some cases a further appeal to the South Carolina Administrative Law Court is required before exhaustion is complete."), *Report and Recommendation adopted by* 2016 WL 7116708 (D.S.C. Dec. 7, 2016)).

In their objections, Defendants do not challenge the Magistrate Judge's rejection of their argument that Plaintiff was required to appeal his final agency decisions to the Administrative Law Court to exhaust his administrative remedies. [*See* Doc. 125 at 11–12.] Rather, for the first time, Defendants challenge the sufficiency of Plaintiff's Step 2 grievances. [*Id.* at 12.] Specifically, Defendants argue that the Step 2 grievances identified in the Report as being relevant to Plaintiff's claims in this case do not complain about the conduct of Delk, Romero, or Cleveland. [Doc. 125 at 12.] The Court, however, concludes that "Defendants have not met their initial burden of demonstrating the absence of a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies." [Doc. 90 at 17]. Although Defendants provide some information regarding grievances Plaintiff filed [Doc. 55-11], they do not provide information regarding specific facts in the grievances, and, although the Report identifies

11

grievances Plaintiff provided to the Court [Doc. 90 at 14–15], that does not establish that those are the only Step 2 grievances that Plaintiff filed.  The Court therefore concludes that Defendants are not entitled to summary judgment on the basis of Plaintiff's failure to exhaust administrative remedies.  *See Roberts v. Sires*, No. ELH-20-2791, 2023 WL 4134697, at *11 (D. Md. June 21, 2023) (denying summary judgment based on exhaustion when "Defendants [had] not met their initial burden of demonstrating the absence of a genuine issue of material fact as to whether [the plaintiff] exhausted his administrative remedies")

### ***Objection to Language in the Report***

Defendants finally object to the suggestion in the Report that video and audio evidence are necessary to succeed on a motion for summary judgment. [Doc. 125 at 12–13 (quoting Doc. 90 at 47, 51).]  That objection is overruled.  The Court does not read the Report to suggest that video or audio are always or generally necessary to succeed on a summary judgment motion, but rather, only that on the facts of this case, genuine disputes of material fact exist as to particular claims.[4]

### **Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted to Defendants concerning Plaintiff's § 1983 retaliation claim as to Ward, Delk, Romero, Ramp, Prevost, and Cleveland.  [Doc. 100; *see* Doc. 90 at 36–42.]  Plaintiff fails to address the Magistrate Judge's legal analysis regarding why summary

---

[4] Defendants also seek clarification regarding the wording of the Addendum and whether it is consistent with the Report.  [Doc. 125 at 3 n.3.]  The Court reads the Addendum and the Report as consistent insofar as the Addendum does not purport to address all of the claims at issue in Defendants' summary judgment motion.

judgment is appropriate as to these Defendants on this claim.[5]  Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report with respect to the recommendation that summary judgment be granted to Defendants concerning Plaintiff's retaliation claims as to Ward, Delk, Romero, Ramp, Prevost, and Cleveland.

**Other issues**

Regarding the remaining portions of the Report to which neither party has objected, the Court has reviewed the Report, the record, and the applicable law, and finds no clear error.  Thus, the Court accepts the Report with respect to these issues. Additionally, Plaintiff's motions to compel [Doc. 126], to correct [Doc. 128], and to supplement [Doc. 130] are denied for the reasons asserted in Defendants' responses opposing the motions [Docs. 127; 129; 131].

## **CONCLUSION**

In sum, based on the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference. Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. It is denied as to Plaintiff's § 1983 claims against Defendant Prevost for excessive force

---

[5] Plaintiff does argue that the Magistrate Judge erred in distinguishing between Defendants who were the subject of his grievances and those who were not, contending that a reasonable jury could conclude find that particular Defendants retaliated against Plaintiff based on his complaints concerning the actions of their fellow officers. [Doc. 100.]  The Court need not address this issue, however, because the Court agrees, for the other reasons identified in the Report, that Plaintiff has failed to forecast evidence creating a genuine dispute of material fact concerning a causal relationship between the actions Plaintiff alleges and his protected conduct.  [Doc. 90 at 37–42.]

and Fourth Amendment violations specific to both the incident underlying Plaintiff's PREA claim and the incident on March 3, 2020; against Defendants Delk, Romero, and Cleveland for bystander liability and Fourth Amendment violations specific to the incident underlying Plaintiff's PREA claim; against Defendants Ramp and Timmons for excessive force and Fourth Amendment violations specific to an incident on April 6, 2021; and against Defendant Douglas for bystander liability specific to the April 6, 2021 incident. The motion is otherwise granted.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 6, 2025
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.